**Not for Publication**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **INTELLECT DESIGN ARENA, INC.,** *d/b/a.* **INTELLECT SEEC**<br><br>        **Plaintiff,**<br><br>     v.<br><br>**DATACUBES INC.,** *et al*,<br><br>        **Defendants.** | Civil Action No. 19-12184 (ES) (SCM)<br><br>OPINION |

**SALAS, DISTRICT JUDGE**

  Before the Court is defendants DataCubes, Inc. ("DataCubes") and Kuldeep Malik's (collectively, "Defendants") motion to dismiss plaintiff Intellect Design Arena, Inc. d/b/a/ Intellect SEEC's ("Plaintiff") complaint pursuant to Federal Rule of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). (D.E. No. 9). Having considered the parties' submissions, the Court decides this matter without oral argument. *See* Fed R. Civ. P. 78(b); L. Civ. R. 78.1(b). As set forth below, the Court GRANTS Defendants' motion to dismiss.

**I.  Background**

  Plaintiff and DataCubes are both in the business of developing software and cloud-based technology solutions for insurers. (*See* D.E. No. 1 ("Complaint" or "Compl.") ¶¶ 13 & 20). Plaintiff is a Delaware corporation with a principal place of business in Middlesex County, New Jersey. (*Id.* ¶ 1). DataCubes is a Delaware corporation with a principal place of business in Schaumburg, Illinois. (*Id.* ¶ 2). Defendant Malik is an individual domiciled in Illinois and is the principal, CEO, and a founder of DataCubes. (*Id.* ¶ 3).

On or about February 25, 2019, defendant Malik sent a LinkedIn message to Plaintiff's customer, which is "a century-old major property and casualty insurance company." (*Id.* ¶ 23). The subject line of the message stated: "DataCubes is hiring!" (*Id.*). The message, in relevant part, stated the following:

> Since we chatted last, DataCubes has come a long way with 20+ carriers including 3 of the top 6 commercial carries [sic]. If I recall last, you were planning to use IntellectSEEC. I heard from a few of their clients that there is some sort of IP issue going on. Not sure where you are in the process. If you think it might make sense to re-engage, pl [*sic*] let me know. We are happy to share the product capabilities.

(*Id.*). After receiving the message, the customer contacted Plaintiff and commented that the customer had "been very pleased with the initial roll out of" Plaintiff's software products and was "planning to expand their use of Plaintiff's services in the near future." (*Id.* ¶ 29). But because DataCubes's message referenced "some IP issues," the customer stated that it "wanted to confirm that there are no issues with [the] products that [the customer] ha[s] implemented or the resources that are provided" by Plaintiff. (*Id.* ¶ 29). Plaintiff immediately responded to its customer and assured the customer that it had no "IP issues." (*Id.* ¶ 30). From February 2019 to the present, Defendants allegedly had "communicated these same [ ] statements to several of Plaintiff's customers, via email, social media (like LinkedIn), orally and elsewhere in writing." (*Id.* ¶ 34). Although continuing to have contractual relationships with its customers, Plaintiff alleges that Defendants made these false statements about Plaintiff's products and services "as part of an intentional, malicious and systematic campaign to interfere with [Plaintiff's] contractual relationships with its customers and client." (*Id.* ¶¶ 35 & 37).

Based on the foregoing, Plaintiff sues Defendants for (i) false advertising in violation of the Lanham Act (Count I); (ii) common law unfair competition (Count II); (iii) unfair and

2

deceptive trade practices in violation of New Jersey law (Count III); and (iv) trade libel and defamation (Count IV). (*Id.* ¶¶ 39–59). Defendants move to dismiss all claims for lack of personal jurisdiction, improper venue, and failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6). (D.E. No. 9). For the reasons that follow, Defendants' motion is GRANTED.

## II.  Legal Standard

### A.  Specific Personal Jurisdiction

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2), a plaintiff bears the burden of establishing the court's personal jurisdiction over the moving defendant by a preponderance of the evidence. *D'Jamoos ex rel. Estate of Weingeroff v. Pilatus Aircraft Ltd.*, 566 F.3d 94, 102 (3d Cir. 2009). "However, when the court does not hold an evidentiary hearing on the motion to dismiss, the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Still, the plaintiff must establish "with reasonable particularity sufficient contacts between the defendant and the forum state" to support jurisdiction. *Mellon Bank (E.) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992) (quoting *Provident Nat. Bank v. California Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987)). And the Plaintiff must establish these "jurisdictional facts through sworn affidavits or other competent evidence . . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction." *Miller Yacht Sales*, 384 F.3d at 101 n.6 (citation and internal quotation marks omitted). Indeed, the plaintiff must respond to the defendant's motion with "actual proofs"; "affidavits which parrot and do no more than restate [the] plaintiff's allegations . . . do not end the

3

inquiry." *Time Share Vacation Club v. Atl. Resorts, Ltd.*, 735 F.2d 61, 66 n.9 (3d Cir. 1984). If the plaintiff meets its burden, the burden shifts to the defendant, who must make a compelling case that the exercise of jurisdiction would be unreasonable. *Mellon Bank*, 960 F.2d at 1226 (internal citations omitted).

Under Federal Rule of Civil Procedure 4(k), personal jurisdiction over non-resident defendants may only be exercised to the extent that it is authorized by the laws of the state in which the federal court sits. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007). New Jersey's long arm statute permits jurisdiction over a non-resident defendant to the extent that is permitted by the Constitution. *Carteret Sav. Bank, FA v. Shushan*, 954 F.2d 141, 145 (3d Cir. 1992). Accordingly, a court may exercise personal jurisdiction over a nonresident defendant if the defendant has "certain minimum contacts with [New Jersey] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). In determining whether sufficient minimum contacts exist, the court looks at "the relationship among the defendant, the forum, and the litigation." *Pinker v. Rosche Holdings Ltd.*, 292 F.3d 361, 368 (3d Cir. 2002).

Personal jurisdiction can be established by way of specific jurisdiction or general jurisdiction. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414–15, nn. 8–9 (1984). The Third Circuit set forth the following framework to determine if specific jurisdiction is present: (1) whether the defendant purposefully directed its activities at the forum; (2) whether the litigation arises out of or relates to at least one of the contacts; and (3) whether the exercise of jurisdiction otherwise comports with traditional notions of fair play and substantial justice. *O'Connor*, 496 F.3d at 317 (internal citations and quotation omitted). To establish specific jurisdiction, a plaintiff need not show that the defendant(s) be physically located in the state while

4

committing the alleged act(s). *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985). But the plaintiff must show that the defendant "has purposefully directed its activities toward the residents of the forum state, . . . or otherwise 'purposefully avail[ed] itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.'" *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259 (3d Cir. 1998) (quoting *Hanson v. Denckla*, 357 U.S. 235, 253 (1958)).

With an intentional tort case, courts analyze the specific personal jurisdiction inquiry under the "effects test" as established by the Supreme Court in *Calder v. Jones*, 465 U.S. 783 (1984). Under the effects test, the plaintiff must show that:

> (1) [t]he defendant committed an intentional tort;
> (2) [t]he plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of the tort; and
> (3) [t]he defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity.

*IMO Indus.*, 155 F.3d at 265–66. This test allows the court to assert jurisdiction over the defendant even though the contacts with the forum alone are too small to comport with the requirements of due process. *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007). The crucial aspect of the effects test is that a plaintiff must demonstrate that a defendant "*expressly aimed* its tortious conduct at the forum." *IMO Industries, Inc.*, 155 F.3d at 265.

"The effects test and traditional specific jurisdiction analysis are different, but they are cut from the same cloth." *Marten*, 499 F.3d at 297. Specifically, both tests require a similar type of "intentionality" on the part of the defendant. *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 455 n.6 (3d Cir. 2003). The effects test thus "prevents a defendant from being haled into a jurisdiction solely because the defendant intentionally caused harm that was felt in the forum state

5

if the defendant did not expressly aim his conduct at the state." *Marten*, 499 F.3d at 297.

### B. Jurisdictional Discovery

Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, *Pinker*, 292 F.3d at 368, courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is "clearly frivolous." *Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997). If a plaintiff presents factual allegations that suggest "with reasonable particularity" the possible existence of the requisite "contacts between [the party] and the forum state," *Mellon Bank*, 960 F.2d at 1223, the plaintiff's right to conduct jurisdictional discovery should be sustained. *Toys "R" Us, Inc.*, 318 F.3d at 456.

"Where the plaintiff has made this required threshold showing, courts within this Circuit have sustained the right to conduct discovery before the district court dismisses for lack of personal jurisdiction." *Id*; *see also In re Auto. Refinishing Paint Antitrust Litig.*, No. 02-1426, 2002 WL 31261330, at *9 (E.D. Pa. July 31, 2002) (denying motion to dismiss and permitting jurisdictional discovery where plaintiff made a "threshold prima facie showing of personal jurisdiction over [d]efendants"), *aff'd*, 358 F.3d 288 (3d Cir. 2004); *W. Africa Trading & Shipping Co. v. London Int'l Group*, 968 F. Supp. 996, 1001 (D.N.J. 1997) (denying defendant's motion to dismiss where the plaintiffs' "request for jurisdictional discovery is critical to the determination of whether [the court can] exercise personal jurisdiction over the defendant."); *Centralized Health Systems, Inc. v. Cambridge Medical Instruments, Inc.*, No. 89-3322, 1989 WL 136277, at *1 (E.D. Pa. Nov. 8, 1989) (holding motion to dismiss in abeyance to permit party to take discovery on jurisdiction where distribution arrangement might satisfy minimum contacts).

**III.     Analysis**

It is undisputed that the Court does not have general jurisdiction over Defendants. (D.E. No. 9-1 ("Mov. Br.") at 8; D.E. No. 14 ("Opp. Br.") at 2 n.1; D.E. No. 15 ("Reply Br.") at 2). Thus, the dispute between the parties is whether the Court can assert specific jurisdiction over Defendants. (Mov. Br. at 8–12; Opp. Br. at 2–6; Reply Br. at 2–6). Evaluating specific jurisdiction on a claim-by-claim basis, *see Marten*, 499 F.3d at 296, the Court finds that it does not have specific personal jurisdiction over Defendants for the false advertising claim.

The parties agree that specific jurisdiction analysis for false advertising claim are governed by the "effects test," which was established in *Calder*, 465 U.S. 783 and *IMO Industries*, 155 F.3d. 254. (Mov. Br. at 9–10; Opp. Br. at 4–5; Reply Br. at 3). The parties further agree that the first two elements of the "effects test" are met. (*See* Opp. Br. at 5 ("Plaintiff has adequately alleged— and Defendants do not contest—that the first two prongs [of the "effects test"] have been met."); Reply Br. at 2 (noting, and not disputing, that "Plaintiff makes much of the fact that it felt the brunt of its alleged injury in New Jersey because it is based here")). In other words, it is not disputed that (i) false advertising is an intentional tort, and (ii) Plaintiff felt the brunt of the harm in New Jersey such that New Jersey can be said to be the focal point of the harm suffered by Plaintiff as a result of that tort. *See IMO Indus.*, 155 F.3d at 265–66. Thus, the remaining issue before the Court is whether the third element of the "effects test," the so called "express aiming" requirement, is satisfied. That is, whether Plaintiff sufficiently shows that Defendants "expressly aimed" the tortious conduct at New Jersey such that New Jersey "can be said to be the focal point of the tortious activity." *See id.* at 266.

Defendants argue that Plaintiff fails to allege that any of the Defendants' conduct was directed at New Jersey. (Mov. Br. at 10). According to Defendants, Plaintiff merely alleges that

Defendants "directed a purportedly false communication that negatively impacted Plaintiff's company, which has a principal place of business in New Jersey." (*Id.*). But "the electronic transmission of a single message to an unspecified person in an unspecified location [ ] do not come close" to showing that Defendants' conduct was directed to New Jersey. (*See* Reply Br. at 3).

In response, Plaintiff argues that the "express aiming" requirement of the effects test is "satisfied when the defendant is alleged to have engaged in wrongful conduct targeted at a plaintiff whom the defendant knows to be a resident of the forum state." (Opp. Br. at 5) (quoting *Christie v. Nat'l Inst. for Newman Studies*, 258 F. Supp. 3d 494, 504 (D.N.J. 2017)). Plaintiff further argues that it has satisfied the "express aiming" standard by alleging the following: (i) "Defendants engage in substantial competition" with Plaintiff, which has a principal place of business in New Jersey; (ii) "Defendants have targeted Plaintiff's customers," which strongly indicates that Defendants are aware that Plaintiff operates in New Jersey; (iii) Defendants "transact[] business in the State of New Jersey," including operating an interactive website and a blog accessible to New Jersey businesses; (iv) defendant Malik contacted Plaintiff's client, which is an insurance company "licensed in all 50 states (which of course includes New Jersey)"; and (v) Defendants engaged in an ongoing attack campaign that reasonably involves New Jersey, which enjoys a "prominence in the national market [ ] as the most densely populated state in the country." (*See* Opp. Br. at 5–6).

As a preliminary matter, Plaintiff's assertions are not corroborated by any affidavit or other competent evidence. Plaintiff relies entirely on allegations in its Complaint and, thus, fails its burden to establish jurisdictional facts through competent evidence. *Miller Yacht Sales*, 384 F.3d

at 101 n.6 ("Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.").

Moreover, the Complaint fails to allege that Defendants actually had knowledge that Plaintiff is located in New Jersey, and such knowledge "is necessary to the application of the [effects test]." *See IMO Indus.*, 155 F.3d at 266. But in any event, even assuming that Defendants knew, or should have known, that Plaintiff is based in New Jersey, this knowledge alone "is insufficient to satisfy the targeting prong of the effects test." *See id.* at 266. Plaintiff conflates the second and third elements of the "effects test" when it argues that Defendants' conduct was directed at New Jersey just because Defendant knew that the harm would be felt in New Jersey. *See id.* at 265–66. Targeting Plaintiff, which is located in New Jersey, is not the same as targeting New Jersey. A plaintiff alleging an intentional tort "must show additional facts connecting the defendant to the forum state other than the plaintiff's location at the time of the" tortious conduct. *Marten*, 499 F.3d at 299; *see also Walden v. Fiore*, 571 U.S. 277, 286 ("A forum state's exercise of jurisdiction over an out-of-state intentional tortfeasor must be based on intentional conduct by the defendant that creates *the necessary contacts with the forum*.") (emphasis added).

Here, unlike the cases Plaintiff relies on, none of the allegations in the Complaint connect Defendants to New Jersey so as to confer specific jurisdiction. First, "specific jurisdiction is present only if the plaintiff's cause of action *arises out of* a defendant's forum-related activities." *Remick*, 238 F.3d at 255 (emphasis added). It is thus irrelevant to the specific jurisdiction analysis whether Defendants transact business in New Jersey, because Plaintiff do not allege that claims asserted in this case arise out of these forum-related activities and Plaintiff agrees that the Court does not have general jurisdiction over Defendants. (*See generally* Compl.; Opp. Br. at 2 n.1). Second, to satisfy the "express aiming" requirement, it is insufficient to allege that the customer

9

Defendants allegedly contacted was licensed in "all 50 states (which of course includes New Jersey)," or that Defendants' attack campaign reasonably involves New Jersey. (*See* Opp. Br. at 5–6). Plaintiff must "point to specific activity indicating that [D]efendant[s] expressly aimed [their] tortious conduct at [New Jersey]." *See Remick*, 238 F. 3d at 258. The allegations at issue lack the required specificity to suggest that *Defendants* had any contact with New Jersey—what is alleged is merely that some of Plaintiff's clients may have contact with New Jersey. At the very least, even assuming that Defendants directed the alleged attack at Plaintiff's clients across the country, and some of these clients are located in New Jersey such allegations are insufficient to confer specific jurisdiction on Defendants, because they fail to show that Defendants *expressly aimed* their conduct at New Jersey. *See Remick*, 238 F.3d at 259 (holding that the district court does not have specific personal jurisdiction over the defendants because the allegedly defamatory letters were published "throughout the boxing community, not just in Philadelphia").

In light of the foregoing, the Court is compelled to find, at this stage, that Plaintiff has not carried its burden to establish the third element of the "effects test" on its false advertising claim. That is, Plaintiff has not proffered sufficient facts demonstrating that Defendants expressly aimed their tortious conduct at New Jersey such that New Jersey was the focal point of the tortious activity. *See IMO Indus.*, 155 F.3d at 266. However, because the Court does not find that Plaintiff's false advertising claim is "clearly frivolous," and especially given that jurisdictional discovery is ongoing pursuant to the Court's judicial preferences (*see, e.g.,* D.E. No. 37), the Court will grant Plaintiff's request for jurisdictional discovery. *See Massachusetts Sch. of Law at Andover*, 107 F.3d at 1042.

Finally, to the extent that the Court lacks personal jurisdiction over Defendants for the false advertising claim, which is the only federal claim asserted in this case, the Court will decline to

10

exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. *See* 28 U.S.C. § 1367(c); *United Mine Workers of Am. v Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well."); *see also Markowitz v. Ne. Land Co.*, 906 F.2d 100, 106 (3d Cir. 1990) ("[T]he rule within this Circuit is that once all claims with an independent basis of federal jurisdiction have been dismissed the case no longer belongs in federal court."). Similarly, the Court does not need to address the additional grounds for dismissal raised by Defendants in their motion to dismiss.

**IV. Conclusion**

Based on the foregoing, Defendants' motion to dismiss is GRANTED, and the Complaint is DISMISSED *without prejudice*. Plaintiff is allowed to conduct limited discovery regarding whether the Court has personal jurisdiction over Defendants.[1] An appropriate Order accompanies this Opinion.

s/ *Esther Salas*
**Esther Salas, U.S.D.J.**

---

[1] The Court understands that the parties have partaken jurisdictional discovery during the pendency of the motion to dismiss. To be sure, the instant Opinion and the Order issued on May 29, 2020, do not address whether Defendants' discovery responses are sufficient, which is an issue before Judge Mannion. (*Id.*). To the extent that the discovery regarding whether the Court has specific jurisdiction over Defendants has concluded, subject to Judge Mannion's decision, the Court's Order and Opinion do not further extend such discovery.